UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:

PHS GROUP, INC., et al.                                          CASE NO. 07-60407

DEBTORS

### MEMORANDUM OPINION AND ORDER

This matter having come before the court upon the Motion to Make Bankruptcy Rule 7023 Applicable to this Action filed herein by creditors PDC Resources, Inc., and Richard Gid Proffitt; and filed objections to that motion by the Official Committee of Unsecured Creditors and the Debtors, and the matter having been heard by the court on October 17, 2007, and the matter having been submitted to the court, the court issues this Memorandum Opinion and Order.

This matter is submitted to the court on the issue of whether the court should apply Bankruptcy Rule 7023 to the adjudication of class action claims of Kentucky and Tennessee crude oil producers where PDC Resources, Inc., and Richard Gid Proffitt are seeking to represent those classes.

Whether a class action can be pursued in federal court is governed by Federal Rule of Civil Procedure 23. In bankruptcy proceedings, Bankruptcy Rule 7023 makes Federal Rule of Civil Procedure 23 applicable in adversary proceedings. Federal Rule of Bankruptcy Procedure 9014 gives the court discretion to apply Rule 7023 to a contested matter in bankruptcy.

In this bankruptcy case, PDC Resources, Inc. has filed a claim for $268,992.35 owed to it along with a class action claim of $5 million. While Richard Gid Proffitt has filed a claim for

$15,000.00 owed him along with a class action claim of $1 million. There are at least six other claims filed in this case which appear to be filed by oil producers whose claims total over $8 million.

PDC Resources, Inc., and Richard Gid Profitt state that they filed class action complaints in Kentucky and Tennessee on July 3, 2006 which state a breach of contract cause of action. They argue that Bankruptcy Rule 7023 should be made applicable in this case in order to make certain that creditors get full relief.

The Official Committee of Unsecured Creditors objected to the motion. The objection advised the court that neither the Kentucky class nor the Tennessee class has been certified or approved. The objection also advised the court that the Debtors have listed the oil suppliers that would make up the classes and notified them of the bankruptcy case either by actual notice or by publication. The objection argues that the Official Committee of Unsecured Creditors will protect the interest of all unsecured creditors, and that the oil suppliers who would make up te classes are already adequately represented.

The Debtors also filed an objection to the motion. The Debtors arguing, *inter alia*, that normal bankruptcy claims will adequately protect the class members.

The court finds that the arguments of the Official Committee of Unsecured Creditors and of the Debtors are compelling. There are large oil producer creditors in this case who can protect their own interest, the Official Committee of Unsecured Creditors will protect the interest of all of the unsecured creditors, notice appears to be adequate in the case, and the classes have never been certified or approved. For the above reasons, The Motion to Make Bankruptcy Rule

```
7023 Applicable to this Action is DENIED.

COPIES TO:

Gregory R. Schaaf, Esq.
Tracy N. Wise, Esq.
Gregory Leyh, Esq.
```

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott*
**Bankruptcy Judge
Dated: Monday, October 22, 2007
(jms)**